Paula DEL PERCIO, a/k/a Paula
Spadaro, Plaintiff–Appellant,

v.

Jerome R. THORNSLEY, individually
and in his official capacity as Superin-
tendent of the Capistrano Unified
School District; Linda A. Kroner, indi-
vidually and in her official capacity as
Director of Employee Relations of the
Capistrano Unified School District;
Kristin Stewart, in her official capacity
as Personnel Manager of the Capistra-
no Unified School District; E.G. "Ted"
Kopp, in his official capacity as Presi-
dent of the Board of Trustees of the
Capistrano Unified School District;
Jan Overton, and in her official capaci-
ty as Vice–President of the Board of
Trustees of the Capistrano Unified
School District; Brian Demsley, Paul
B. Haseman, Charles H. Ward, A. Ed-
ward Westberg, D.D.S., in their official
capacities as Members of the Board of
Trustees of the Capistrano Unified
School District; Capistrano Unified
School District, Defendants–Appellees.

No. 88–5753.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 1, 1989.

Decided June 9, 1989.

Meir J. Westreich, Santa Ana, Cal., for
plaintiff-appellant.

Richard L. Hamilton and Christian M.
Keiner, Biddle & Hamilton, Sacramento,
Cal., for defendants-appellees.

Before FLETCHER, NELSON and NORRIS, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Appellant Paula Del Percio appeals from the district court's dismissal of her § 1983 action against the Capistrano Unified School District and several of its officials for attempting to have her teaching credential revoked. The district court held that Del Percio's damage claims were barred by the statute of limitations and her claim for declaratory and injunctive relief was not ripe for adjudication. We affirm.

■ In *Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir.1987), we held that Cal.Civ.Proc.Code § 340(3) (West Supp. 1987) establishes the relevant statute of limitations period for § 1983 actions—one year from the date of accrual. *Id.* at 558 (applying *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which held that § 1983 actions must be brought within the time specified by the forum state's statute of limitations for personal injury torts). Thus, unless the Supreme Court's recent decision in *Owens v. Okure*, — U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), has overruled *Usher*, the relevant statute of limitations period is one year. If the one-year limitations period

applies, then Del Percio's damage claims are barred; she did not file suit until September 26, 1986, even though her cause of action against the defendants accrued no later than March 22, 1984.[1]

■ We believe that *Owens* in no way undermines our decision in *Usher*. *Owens* establishes that when a state has one or more statutes of limitations for certain enumerated intentional torts, as is the case in California, the statute of limitations for § 1983 actions is "the residual or general personal injury statute of limitations." 109 S.Ct. at 574. There can be no question that § 340(3) is California's residual or general personal injury statute since the section contains an express "catchall" provision, covering any "injury to or . . . death of one caused by the wrongful act or neglect of another."[2] Thus, *Owens* only reinforces our decision in *Usher* that § 340(3) is the applicable statute of limitations for § 1983 actions in California.[3] Since Del Percio's complaint was filed more than one year after her cause of action accrued, her claims for damages are time-barred.

■ With respect to Del Percio's claim for declaratory and injunctive relief from future enforcement of Cal. Educ.Code § 44420, we note that a plaintiff

> must show that [she] 'has sustained or is immediately in danger of sustaining

---

1. Del Percio argues that her cause of action did not accrue on March 22, 1984, but rather on November 22, 1985, because until that date she was pursuing administrative remedies. Specifically, Del Percio argues that California's doctrine of equitable tolling operates to toll the statute of limitations during the pendency of those proceedings. While equitable tolling does apply in § 1983 cases, *Donoghue v. County of Orange*, 848 F.2d 926, 930 (9th Cir.1987), the doctrine is not available to Del Percio here because the claims she raised in the administrative proceedings are separate and distinct from the claims she raises against defendants in this case. *See Arnold v. United States*, 816 F.2d 1306, 1312–13 (9th Cir.1987). In her administrative proceedings, Del Percio simply resisted the efforts of the California Commission on Teacher Preparation and Licensing to suspend her teaching credential, which efforts the Commission undertook after the defendants filed their complaints. In these proceedings, Del Percio only sought to challenge the recommendation of the Commission's Committee of Credentials; she did not raise any claim of unconstitu-

tional conduct by the officials of the local Capistrano School District—the defendants in this case.

2. Section 340(3) provides that the following actions must be brought within one year:

> An action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another. . . .

3. While Cal.Civ.Proc.Code § 343 (West 1982 and Supp.1984) is nominally California's "catchall" statute of limitations, covering any action "not hereinbefore provided for," § 343 cannot be construed as the *residual personal injury* statute for the purposes of *Owens* since all personal injury actions are expressly covered by the "catchall" language in § 340(3) cited in the text. Counsel for Del Percio conceded with admirable candor at oral argument that § 343 has not been and cannot be interpreted as California's residual personal injury statute of limitations.

some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'

*City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1983) (citations omitted).[4] Del Percio has not established that it is likely that she will be subjected to disciplinary proceedings under § 44420 in the immediate or near future. Her generalized claim that the statute's very existence has an inhibiting effect on her exercise of her right to seek and enter into employment contracts with the California school system fails to satisfy the requirements of *Lyons.*

The judgment of the district court is AFFIRMED.

---

**4.** Section 44420 provides in relevant part:

Should any person employed by a *school district* in a position requiring certification qualifications refuse, without good cause, to fulfill a valid contract of employment with such district . . ., the Commission for Teacher Preparation and Licensing shall, after proof of such fact is made to it, suspend the credentials theretofore issued to him by the commission for not more than one year.