934 F.2d 325
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Alan Gregory WONDERWHEEL, M.L.V., John R. Weber, Plaintiffs-Appellants,
v.
MENDOCINO SUPERIOR COURT, California First Appellate
District, Timothy O. Stoen, Velda G. Brady, Arthur
L. Becktold, Joseph Becktold,
Defendants-Appellees.
 No. 90-16229.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1991.*
Decided May 30, 1991.
 Before HUG, POOLE and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. OVERVIEW
 
 2
 Plaintiff-appellants Alan Wonderwheel and John Weber ("Wonderwheel and Weber") appeal the district court's dismissal of their claims under 42 U.S.C. Secs. 1983 and 1988. Wonderwheel and Weber brought suits against the Superior Court of California and the First Appellate District ("Judges"), and private parties Timothy Stoen, Velda Brady, and Arthur and Joseph Becktold ("Stoen, et al."). We affirm.
 
 A. Statute of Limitations
 
 3
 We review dismissal on statute of limitations grounds de novo. Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1987). In order to determine the proper statute of limitations to apply in a section 1983 action, we look to the local statute of limitations for personal injury claims. See, e.g., Wilson v. Garcia, 471 U.S. 261, 279-80 (1985). The California statute of limitations for personal injury is one year. See Cal.Code Civ.Proc. Sec. 340(3) (West Supp.1991); Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987) (section 340(3) establishes the relevant statute of limitations period for section 1983 actions).
 
 
 4
 Wonderwheel and Weber first became aware of their federal claims after the court of appeals affirmed the trial court's decision in the partition suit. Therefore, Wonderwheel and Weber were aware of their claims by September 16, 1988, when they filed their petition for rehearing. As they did not file this suit until April 2, 1990, it is barred under the California one-year statute of limitations unless the tolling doctrine applies.
 
 
 5
 The appellants contend that the statutue was equitably tolled during the time they were pursuing their appeals of the state action. The California equitable tolling doctrine does not apply to this case for numerous reasons. Under California law, a plaintiff claiming tolling must initially show that the claims raised in the first proceeding are the same as those raised in the second. See Del Percio v. Thornsley, 877 F.2d 785, 786 n. 1 (9th Cir.1989). If the claims are separate and distinct, equitable tolling will not apply. Id. In addition, appellants fail to meet the timely notice requirement for equitable tolling to apply under Donoghue. Neither the petition for rehearing nor the petition for certiorari in the initial state partition action put the defendants on timely notice of a future lawsuit against them, as contended by appellants. Thus, Wonderwheel and Weber clearly do not meet the requirements for equitable tolling.
 
 B. Attorneys' Fees, Double Costs, Sanctions
 
 6
 Stoen, et al. request sanctions against Wonderwheel and Weber. The district court refused to impose sanctions. Stoen, et al. failed to cross-appeal this issue, thus, may not raise it now. See, e.g., Hudson v. Western Airlines, Inc., 851 F.2d 261, 267 (9th Cir.1988).
 
 
 7
 Also, the request of Stoen, et al. for attorneys' fees and double costs on this appeal is also denied.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3