990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert E. MITCHELL, Plaintiff-Appellant,
v.
Ernie KELL, Mayor, City of Long Beach; City of Long Beach;
Lawrence Binkley, Chief of Police, Defendants-Appellees.
 No. 90-55699.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1993.*
Decided April 8, 1993.
 
 Before HALL, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former California state prisoner Robert E. Mitchell appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action alleging that on November 14, 1988, City of Long Beach police officers provoked a high-speed chase with a vehicle in which Mitchell was a passenger, beat and shot Mitchell. The district court dismissed the action with prejudice under Fed.R.Civ.P. 41(b) because Mitchell disobeyed the magistrate judge's minute order instructing him to address any tolling of the statute of limitations applicable to his claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a dismissal with prejudice under Rule 41(b) for abuse of discretion. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990).
 
 
 4
 The district court may dismiss an action under Rule 41(b) if the plaintiff fails to prosecute his or her case, fails to comply with the applicable rules of procedure, or fails to abide by a court order. Fed.R.Civ.P. 41(b); see Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Dismissal, however, is a harsh penalty and should be imposed only in extreme circumstances. Malone, 833 F.2d at 130.
 
 
 5
 A dismissal under Rule 41(b) will not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987) (quotation omitted). Relevant factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam). The lower court need not make specific findings to show that it considered these factors. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). If no such findings are present, however, we will review the record independently to determine whether the lower court abused its discretion. Id.
 
 
 6
 Our review of the record supports the district court's dismissal of the action. The incidents alleged as the basis for Mitchell's civil rights action occurred on November 14, 1988. Mitchell filed his complaint from prison on February 6, 1990. The relevant statute of limitations period for Mitchell's claims, however, is one year. See Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989) (section 1983 actions must be brought within time specified by forum state's statute of limitations for personal injury torts; relevant period under Cal.Civ.Proc.Code § 340(3) is one year from date of accrual).
 
 
 7
 On February 23, 1990, the magistrate judge issued a minute order informing Mitchell that his action would be dismissed as time-barred unless he showed that the statute of limitations period was tolled, and directing him to file a declaration setting forth facts to support any tolling claim by March 15, 1990. The order specifically instructed Mitchell that "[i]f the theory of tolling advanced is his imprisonment, he shall state the exact dates upon which he was imprisoned, by what court and in what specific case number." The order warned that if Mitchell did not timely respond, the magistrate judge would recommend dismissal of the action. On March 26, 1990, Mitchell filed an untimely declaration in response to this order, but failed to set forth any facts to support tolling of the one-year limitations period. Rather, documents submitted along with the declaration indicate that Mitchell was aware that the limitations period expired on November 14, 1989.
 
 
 8
 On April 6, 1990, the magistrate judge issued a Report and Recommendation recommending that Mitchell's action be dismissed with prejudice for failure to state a claim. On April 27, 1990, Mitchell filed objections to the Report and Recommendation, in which he raised, for the first time, tolling by reason of imprisonment.
 
 
 9
 On May 8, 1990, the magistrate judge issued a Final Report and Recommendation recommending dismissal of the action under Rule 41(b) for defiance of a court order, citing Mitchell's failure to explain or apologize for his disobedience of the February 23, 1990 order, the resulting six-week delay, and the court's urgent need to manage its docket. The district court adopted this report and recommendation and dismissed the action.
 
 
 10
 Mitchell was warned that his action would be dismissed if he failed to show that the statute of limitations was tolled. He was also given clear instructions on how to establish tolling. Mitchell failed timely to do so. Despite Mitchell's pro se status, on this record we cannot say that the district court abused its discretion by dismissing Mitchell's action under Rule 41(b). See Carey, 856 F.2d at 1440-41; Toyota Landscape Co. v. Building Material & Dump Truck Drivers Local 420, 726 F.2d 525, 528 (9th Cir.), cert. denied, 469 U.S. 825 (1984).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3