990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel J. TUCCIO, Plaintiff-Appellant,
v.
SNOHOMISH COUNTY; Anthony C. Harvey; D.M. Munday, and John
and Jane Does 1-6, et al. Defendants-Appellees.
 No. 91-35843.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided April 12, 1993.
 
 Before WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel J. Tuccio appeals the district court's order dismissing his action against the State of Washington. Tuccio seeks a declaration that a Washington statute governing the procedure for detaining mentally disordered persons violates the Constitution. See Wash.Rev.Code § 71.05.150 (1992). We dismiss this appeal because Tuccio lacks standing to pursue his claim.
 
 
 3
 Tuccio filed a complaint against Snohomish County and various individual defendants seeking damages under 42 U.S.C. § 1983. He contended that he had been wrongfully detained by the defendants under color of Washington Revised Code § 71.05.150. Tuccio also sought a declaration that the statute was unconstitutional. The state intervened to defend the constitutionality of the statute. Tuccio then settled his claim for damages against the county and the individual defendants. At the state's request, the district court dismissed the declaratory relief claim on grounds that Tuccio lacked standing to pursue the claim.
 
 
 4
 We review standing questions de novo. Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985). Here, the district court's conclusion was correct. In this action a case or controversy would exist under Article III of the Constitution if Tuccio could show that he is likely to be subject to detention under the statute "in the immediate or near future." Del Percio v. Thornsley, 877 F.2d 785, 787 (9th Cir.1989) (teacher did not establish she would be subject to disciplinary proceedings under a California statute "in the immediate or near future" and therefore lacked standing to pursue declaratory relief). Tuccio bears the burden of showing that he is likely to be detained again under color of the statute. See City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). He has not alleged that the statute will be applied against him anytime soon, so he has not met this burden.
 
 
 5
 Because the issue of the defendants' liability for Tuccio's prior detention has been resolved by settlement, Tuccio may not rely on his prior detention to maintain an action requesting a declaration that the statute is unconstitutional. See Ashcroft v. Mattis, 431 U.S. 171, 172 (1977) (per curiam) (a parent whose son was killed by police lacked standing to obtain a declaratory judgment that the statute which authorized use of deadly force by police was unconstitutional once the liability issue had been resolved against the parent, because thereafter the parent had no possibility of obtaining any damages). Once Tuccio's section 1983 claim was settled, he had no possibility of recovering any further damages. The settlement terminated any live case or controversy and precludes adjudication of the claim Tuccio seeks to pursue in this litigation. Tuccio's claim is not one capable of repetition, yet evading review, because a similarly situated claimant who litigated his damages claim to an adverse judgment could obtain review.
 
 
 6
 The judgment of the district court is AFFIRMED. This appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3