993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas AVDEEF, Plaintiff-Appellant,
v.
COUNTY OF ORANGE; Michael R. Capizzi, Defendants-Appellees.
 No. 92-56352.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 18, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Avdeef, a former deputy district attorney for Orange County, ("County") appeals the district court's summary judgment holding that Avdeef's 42 U.S.C. § 1983 action against the County was barred by the statute of limitations. Avdeef asserted that the County denied him a promotion based on improper political considerations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of a section 1983 action on statute of limitations grounds. Donoghue v. County of Orange, 848 F.2d 926, 929 (9th Cir.1987). We affirm.
 
 
 3
 Avdeef contends that the defendants are equitably estopped from asserting a statute of limitations defense because they intentionally concealed pertinent facts underlying Avdeef's claim. This contention lacks merit.
 
 
 4
 Section 1983 actions are characterized as personal injury actions for purposes of identifying the applicable statute of limitations. Wilson v. Garcia, 471 U.S. 261, 276 (1985). Thus, section 1983 actions must be brought within the time specified by the forum state's statute of limitations for personal injury torts. Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). In California, the applicable statute of limitations is Cal.Civ.Proc.Code § 340(3), which provides for a limitations period of one year from the date the cause of action accrues. McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991).
 
 
 5
 Federal law determines when a cause of action accrues and when the applicable limitations period begins to run. Compton v. Ide, 732 F.2d 1429, 1432 (9th Cir.1984); Briley v. California, 564 F.2d 849, 855 (9th Cir.1977). "[W]here a plaintiff has been injured by fraud or concealment and remains in ignorance of it without any fault ... on his part, the statutory period [is tolled] until discovery of the injury." Briley, 564 F.2d at 849 (emphasis in original).
 
 
 6
 Avdeef contends that on May 2, 1990, he was denied a promotion in retaliation for having politically campaigned against the eventual winner of the primary election for the Office of District Attorney for the County. The record reveals that Avdeef learned of the denial of his promotion on May 5, 1990. On May 15, 1990, Avdeef submitted an employee grievance form claiming that the denial of his promotion was due to "political vindictiveness." On the form, Avdeef indicated May 2, 1990 as the date of occurrence giving rise to the grievance. On May 16, 1990, Avdeef submitted a Merit Selection Complaint Form which reiterated the statements in his employee grievance form. On May 8, 1991, Avdeef filed his federal complaint.
 
 
 7
 In conjunction with his employee grievance form, Avdeef also requested that defendants turn over all pertinent documents relating to the denial of his promotion. In October 1990, in response to his document request, Avdeef obtained a memorandum from the County which he asserts conclusively establishes that he was denied a promotion based on improper political considerations. Avdeef contends that the defendants deliberately concealed this document and that this concealment tolled the statute of limitations for his action until October 1990.
 
 
 8
 We disagree. The fact that Avdeef filed his employee grievances in May establishes that he was aware of the injury giving rise to his cause of action at that time. Moreover, on his grievance form, Avdeef indicated May 2, 1990, as the date that his cause of action accrued. Under these circumstances, the district court correctly found that the statute of limitations was not tolled by fraudulent concealment and that the statute had run on Avdeef's action by the time he filed his complaint on May 8, 1991.[1] See McDougal, 942 F.2d at 672; Briley, 564 F.2d at 855.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny the appellees request for sanctions