995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Stanley STEFFEN; Terry Ann Steffen, Petitioners-Appellants,
v.
Loyace MAULDIN; Steven Cooley, Respondents-Appellees.
 No. 91-55642.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Steffen, his wife Terry Ann Steffen, and their children brought this civil rights action under 42 U.S.C. § 1983. Defendant Loyace Maudlin is a Los Angeles sheriff deputy; defendant Steven Cooley is a Los Angeles deputy district attorney. On May 3, 1985, John Steffen was arrested for 18 felony counts involving rape, kidnapping, armed robbery, and lewd acts on a child. The arrest took place after defendants searched Steffen's residence pursuant to a search warrant. Maudlin's affidavit formed the underlying basis for the search warrant. During the trial process, Steffen tried to quash the search warrant and suppress the evidence seized during the search of his residence. Steffen alleged lack of probable cause and misrepresentations by defendants in the affidavit. The trial court denied the motion and admitted the evidence; Steffen was convicted of 17 of the 18 counts.
 
 
 3
 Steffen received a life sentence plus 64 years and 8 months. The California Court of Appeals affirmed the judgment and issued a remittitur of record in 1988. The Steffens filed this complaint in 1989, alleging that defendants deprived them of their constitutional rights by committing perjury in the search warrant affidavit and in the trial. The district court denied the Steffens' motion for default judgment and granted defendants' motions to dismiss and for summary judgment. We affirm.
 
 
 4
 * We review de novo a judgment on the pleadings. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991), cert. denied, 112 S.Ct. 1161 (1992). 42 U.S.C. § 1983 does not contain its own statute of limitations. Consequently, the one-year statute of limitations in California Code of Civil Procedure § 340(3) governs § 1983 cases. Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). The Steffens' did not file their claim for damages within the one-year period from time of accrual. Their action is time-barred.
 
 
 5
 The Steffens argue that the statute of limitations was tolled by the filing of a habeas corpus petition. We have held that habeas corpus proceedings do not delay accrual of § 1983 claims. Bagley, 923 F.2d at 762. We agree with the district court that with respect to the children, the statute of limitation is tolled until they reach the age of majority. California Civil Procedure Code § 352(a)(1). None of the children are yet 18 years old. See California Civil Cond. § 25.1. Their complaint is timely filed.
 
 II
 
 6
 The district court ruled that the Steffens' children were collaterally estopped from relitigating the Fourth Amendment issues. We review de novo the applicability of collateral estoppel. Heath v. Cast, 813 F.2d 254, 258 (9th Cir.), cert. denied, 484 U.S. 849 (1987). John Steffen, with the assistance of counsel, litigated and appealed the same claims in the course of his state proceedings. An adverse final ruling in state court criminal proceedings bars a § 1983 action. Ayers v. City of Richmond, 895 F.2d 1267, 1271-72 (9th Cir.1990) (California law precluded defendant's § 1983 action even though defendant chose not to pursue all avenues of appeal of the adverse criminal rulings on his motion to suppress).
 
 
 7
 The general rule is that issue preclusion applies only to the party involved in the prior action. Allen v. McCurry, 449 U.S. 90, 94 (1980). However, a non-party may be bound by the prior decision if the interests are so similar as to amount to "virtual representation" in the prior action. United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir.1980). That is the case here.
 
 III
 
 8
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3