9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Eugene SCHAEFER, Plaintiff-Appellant,
v.
Dick WILLIAMS, in his individual capacity and as Sheriff of
San Bernardino County; San Bernardino County; S. Urban,
Officer in his individual capacity and as deputy sheriff of
San Bernardino County; Sharon Fletcher, Officer in her
individual capacity and as a Police Officer of the City of
Yucaipa; City of Yucaipa, Defendants-Appellees.
 No. 93-55532.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Eugene Schaefer appeals pro se the district court's dismissal for failure to state a claim of his action challenging his arrest for driving without a valid driver's license or vehicle registration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of an action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Review is limited to the contents of the complaint. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Id. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. We may affirm the district court's decision on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 4
 On appeal, Schaefer argues that he "did not file an action for violation of his Constitutional rights, but for deprivation of his Unalienable rights as endowed by his Creator." Schaefer further argues that his action should not be construed as a civil rights action but rather as one based on his "right to reclaim and live a peaceful life under his claimed status of a Sovereign, natural-born, Freeman and Common-Law Citizen of the 1849 California Republic." Despite his arguments to the contrary, our review of Schaefer's pleadings reveals that his action is for deprivation of constitutional rights by persons acting under color of state law. Thus, his action can only be construed as one under 42 U.S.C. § 1983. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988).
 
 
 5
 Section 1983 actions are governed by the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 280 (1985); Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987). In California, the statute of limitations applicable to personal injury actions is one year. Cal.Civ.Proc.Code § 340(3); Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). For purposes of this limitations period, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action. Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981).
 
 
 6
 Here, Schaefer filed a complaint on August 13, 1992, and subsequently filed an amended complaint on December 11, 1992. In the amended complaint, Schaefer alleges that several San Bernardino County police officers and city officials violated his Fourth, Fifth, Sixth, Seventh, and Ninth Amendment rights on July 12, 1991, following his arrest on that date for driving without a license or registration. On December 29, 1992, defendants filed a motion to dismiss the action on the ground that it was time-barred. On February 25, 1993, following a hearing, the district court granted the defendants' motion without leave to amend on the ground that "[p]laintiff refuses to proceed under the laws and statutes of the United States of America."
 
 
 7
 The injuries Schaefer alleges occurred on July 12, 1991. Schaefer did not file his action until August 13, 1992, beyond the one-year limitations period for civil rights actions. See Del Percio, 877 F.2d at 786. Because Schaefer's action is time-barred, dismissal without leave to amend was proper.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3