15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bobbie L. CELESTINE, Plaintiff-Appellant,
v.
CITY OF SAN JOSE; Murray Levison; Judy Jones; T. Larussa;
William Pope; Cleon Eccles; Joan Taylor,
Defendants-Appellees.
 No. 93-15391.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobbie L. Celestine appeals pro se the district court's dismissal of his civil rights complaint against the City of San Jose and six City employees. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990), and affirm.
 
 
 3
 The alleged facts are as follows. Sometime before July 1989, Celestine's landlord divided his apartment in half by building a wall without obtaining a permit. In July 1989, Celestine reported the illegal division to the City. In August 1989, defendant Pope inspected the apartment and found housing code violations. During the inspection, Pope allegedly remarked that blacks frequently file groundless complaints, and called Celestine a troublemaker and a hobo. Celestine is black.
 
 
 4
 On August 28, 1989, the City ordered the landlord to rectify the code violations. The landlord opted to keep the dividing wall in place and convert Celestine's kitchen to a common room to meet code requirements. The landlord removed Celestine's unit from the rental market and on September 12, 1990, he moved to a smaller apartment in the same building. Defendant Taylor, a City planner, declared the other half of the subject apartment legal, which allowed the landlord to lease it while making the renovations. Celestine alleged that he was singled out for eviction.
 
 
 5
 On March 22, 1991, Celestine filed a complaint against his landlord with the City's Rent Dispute Board, alleging an improper increase in his security deposit based on lack of maintenance of his new apartment. On April 18 and May 15, 1991, defendant Eccles inspected the premises and on May 20, 1991, she issued a report finding the maintenance problems too insubstantial to amount to code violations. Defendants Levison, Larussa and Jones supervised Eccles. Celestine alleged that because of defendants' refusal to cite code violations in his new apartment, he was forced to settle his administrative complaint against the landlord. Celestine and the landlord entered into a settlement agreement dated June 24, 1991, in which the landlord rescinded the security deposit increase and promised to repair the apartment, and Celestine promised to not sue the landlord.
 
 
 6
 On August 16, 1991, Celestine filed this action for damages against the City under 42 U.S.C. Secs. 1983 and 1985(3), alleging that the City conspired with his landlord to deprive him of his first and fourteenth amendment rights in retaliation for his reporting the code violations. The district court granted the City's motion for judgment on the pleadings, but granted Celestine leave to amend to allege racial animus. On July 10, 1992, Celestine filed his second amended complaint[1] adding the six individual defendants and claims under 42 U.S.C. Secs. 1981 and 1982. The court granted defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.
 
 Claims against the individual defendants
 
 7
 The second amended complaint filed July 10, 1992, added the six individual defendants.[2] The district court dismissed the claims against these individuals because it had not granted leave to add new defendants.[3] The court also found that the amendment did not relate back to the original pleading, and that the statute of limitations barred the claims.
 
 
 8
 Fed.R.Civ.P. 15(c) provides that, when an amended pleading adds a new party, the amendment relates back to the filing date of the original pleading if the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed.R.Civ.P. 15(c). "Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party." Kilkenny v. Arco Marine, Inc., 800 F.2d 853, 857 (9th Cir.1986), cert. denied, 480 U.S. 934 (1987). The statute of limitations for section 1983 actions in California is one year. Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989); Cal.Civ.Proc.Code Sec. 340(3).
 
 
 9
 Because Celestine mentioned each of the individual defendants by name in his original complaint, it is clear that he was not mistaken about their identities. His claims against them in the second amended complaint therefore do not relate back to the date of the original complaint. See Kilkenny, 800 F.2d at 857.
 
 
 10
 Furthermore, because Celestine's claims must have accrued by June 24, 1991, the date of the settlement of his administrative complaint, the one-year limitations period expired before he filed the second amended complaint on July 10, 1992. His claims against the individual defendants are therefore time barred.[4] See Del Percio, 877 F.2d at 786.
 
 
 11
 Celestine contends his claims fall within the limitations period because he alleged a continuing conspiracy and because his administrative claim with the City tolled the statute. These contentions lack merit. Celestine alleged no specific facts to support a conspiracy claim. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam) (conclusory allegations of conspiracy insufficient to state a claim under section 1983). Moreover, the administrative claim against the landlord did not toll the limitations period for claims against other parties. See Del Percio, 877 F.2d at 786 n. 1.
 
 
 12
 In addition, Celestine has failed to allege a constitutional deprivation. His claim of a first amendment violation fails because he has not alleged denial of a governmental benefit or privilege. See Hyland v. Wonder, 972 F.2d 1129, 1135 (9th Cir.1992), cert. denied, 113 S.Ct. 2337 (1993). Similarly, his due process claim fails because he has not alleged deprivation of a protected property interest. See id. at 1140.
 
 
 13
 Moreover, while Celestine contends the defendants' actions were racially motivated, the sole allegation of racial animus is Pope's remark that blacks make groundless complaints. We find this allegation insufficient to state an equal protection violation or to meet the racial animus requirement of sections 1981 and 1985. See Evans v. McKay, 869 F.2d 1341, 1345 & n. 3 (9th Cir.1989); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) (verbal abuse insufficient to state a constitutional deprivation under section 1983).
 
 
 14
 Accordingly, the claims against the individual defendants were properly dismissed.
 
 Claims against the City
 
 15
 To state a claim against the City, Celestine must have alleged that his constitutional rights were violated by an action taken pursuant to municipal policy or custom. See Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978). Although Celestine made conclusory allegations that defendants acted pursuant to municipal policy or custom, he alleged no facts to indicate what policy or custom defendants followed. Moreover, as stated above, Celestine has failed to allege facts that constitute a deprivation of constitutional rights. In these circumstances, the claims against the City were properly dismissed. See id.; Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations of official participation in civil rights violation insufficient to withstand motion to dismiss).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.Civ.P. 34(a); 9th Cir.R. 34-4. Accordingly, Johnson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The first amended complaint was withdrawn as prematurely filed before the court issued its order granting leave to amend
 
 
 [2]
 The body of the original complaint contained allegations against the individual defendants, but they were not named in the caption and Celestine did not serve them. It is clear from the record as a whole that the City was the sole defendant in the original complaint
 
 
 [3]
 Celestine contends the court did not specify the deficiencies in his original complaint. The transcript of the hearing on the first Rule 12 motion, however, shows that the court granted leave to add allegations of racial animus, as Celestine and requested in his opposition papers. He did not request, and the court did not grant, leave to add new defendants
 
 
 [4]
 Celestine contends he was prevented from filing the amended complaint earlier because the court delayed in issuing its order granting leave to amend. We decline to hold, however, that the court's oral ruling tolled the statute of limitations as to the individual defendants, because that ruling did not grant leave to add those defendants