21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David CRAWFORD, Plaintiff-Appellant,
v.
Gerald GOLDBERG; Robert Bonnici; John Akin; James
Stevens, Defendants-Appellees.
 No. 92-55889.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 13, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Crawford, appeals pro se the district court's order granting the defendants' motion to dismiss in his 42 U.S.C. Sec. 1983 action. Additionally, Crawford contends that the district court erred in denying him leave to file an amended complaint and that the district court erred in dismissing rather than staying an earlier civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Dismissal of Prior Civil Rights Action
 
 3
 We are required to raise issues concerning our jurisdiction sua sponte. McGuckin v. Smith, 974 F.2d 1050, 1052 (9th Cir.1992). A notice of appeal must be filed within thirty days of the date of entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(1). The procedures set forth in Rule 4 are strictly construed with no exceptions for pro se litigants. See Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir.1988).
 
 
 4
 Prior to commencing this federal action, Crawford had attempted to file another federal action raising similar claims. On June 14, 1989, Crawford filed his first federal civil rights action with the district court (Case No. 89-0883-G(M)). On January 8, 1991, the district court dismissed these claims without prejudice and ordered Crawford to exhaust state remedies before filing a new federal action. Crawford now contends that the district court erred in dismissing this first action because the district court had a duty to retain jurisdiction. Crawford did not appeal the dismissal of this first action.
 
 
 5
 A dismissal of claims without prejudice is deemed final for purposes of appeal unless the court intends to permit the amendment of the complaint in the same action. McGuckin, 974 at 1052-53. Here, the district court indicated that it intended to end the litigation so that Crawford could pursue his state remedies. See id. Crawford did not file a notice of appeal from the dismissal of the claims in his first federal action. See Fed.R.App.P. 4(a)(1). Accordingly, we lack jurisdiction to consider the dismissal of Crawford's first federal action. See id.
 
 II. Statute of Limitations
 
 6
 Crawford contends that the district court erred in granting the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6).[1] Specifically, Crawford argues that the court erred in holding that the statute of limitations barred three of his claims. This contention lacks merit.
 
 
 7
 We review de novo the district court's dismissal of a complaint on statute of limitations grounds. Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1987). "[W]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.1993). In California, Sec. 1983 claims are subject to the one-year limitations period for personal injury actions. Id. at 1275; Cal.Code Civ.Proc. Sec. 340(3) (West 1994). Although state law prescribes the statute of limitations applicable to Sec. 1983 claims, federal law governs the time of accrual. Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). Thus, for Sec. 1983 claims, a cause of action accrues and the statute of limitations begins to run when a party knows or has reason to know of the injury which is the basis for the action. Vaughan v. Grijalva, 927 F.2d 476, 480 (9th Cir.1991).
 
 
 8
 As with the limitations period itself, state tolling doctrines apply to the extent that they are consistent with federal policy. Cervantes, 5 F.3d at 1275; Donoghue, 848 F.2d at 930. The statute of limitations is tolled under the California doctrine of equitable tolling[2] if the plaintiff pursues his remedy in another forum and the actions satisfy three factors: (1) timely notice to the defendants in filing the first claim; (2) lack of prejudice to the defendants in gathering evidence for the second claim; and (3) good faith and reasonable conduct in filing the second claim. Cervantes, 5 F.3d at 1275.
 
 
 9
 Application of this three-part test is mandatory prior to dismissal of an action under Fed.R.Civ.P. 12(b)(6). Id. at 1275-76. The issue of equitable tolling is fact-intensive and generally more appropriately applied at the summary judgment or trial stages of litigation rather than the pleading stage. Id. at 1276. However, the district court may grant a motion to dismiss if it is clear from the face of the complaint and the judicially noticed documents that the plaintiff can not prevail as a matter of law, on the equitable tolling issue. Id.; Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir.1988); see Del Percio v. Thornsley, 877 F.2d 785, 786 n. 1 (9th Cir.1989) (defendants in second claim entirely unrelated to parties in first claim); Ervin v. County of Los Angeles, 848 F.2d 1018, 1020 (9th Cir.1988) (year and a half wait to file second claim unreasonable and not in good faith), cert. denied, 489 U.S. 1014 (1989).
 
 
 10
 A. Alteration of Hearing Officer's Decision (1981)
 
 
 11
 In his second cause of action, Crawford alleges that the defendants removed a hearing officer's recommendation to withdraw charges of incompetence against Crawford, leading to Crawford's first demotion in 1981. Thus, the cause of action accrued in December 1981 with Crawford's demotion which formed the basis for this claim. See Vaughan, 927 F.2d at 480.[3] Since Crawford filed this action in 1991, Crawford is barred by the statute of limitations unless equitable tolling applies. See Cervantes, 5 F.3d at 1275.
 
 
 12
 Crawford's claim concerning the hearing officer's decision is not subject to equitable tolling because this claim is separate and distinct from the claims he raised in either his administrative or state proceedings. See Del Percio, 877 F.2d at 786 n. 1. Accordingly, the district court properly dismissed this claim as barred by the statute of limitations. See id.
 
 B. Second Demotion and Dismissal (1984)
 
 13
 In his third cause of action, Crawford alleges that the defendants altered and removed evidence at the February 1984 hearing on Crawford's second demotion. In his fourth cause of action, Crawford alleges that the defendants ignored relevant evidence when they dismissed him in July 1984. Both the second demotion and the dismissal occurred in 1984. Since these injuries occurred in 1984 and Crawford filed this action in 1991, Crawford is barred by the statute of limitations unless equitable tolling applies. See Cervantes, 5 F.3d at 1275; Vaughan, 927 F.2d at 480.
 
 
 14
 The equitable tolling doctrine is not available to Crawford in connection with his third and fourth causes of action because the named defendants in this action could not possibly have received notice of Crawford's earlier proceedings. In both the administrative and state proceedings, Crawford challenged his demotion and dismissal before the California State Personnel Board (SPB). In contrast, in the present action Crawford has named four employees of the Franchise Tax Board (FTB) as defendants. Crawford cannot provide effective notice to the employees of one state agency by naming another separate state agency in his earlier proceedings. See Del Percio, 877 F.2d at 786 n. 1 (equitable tolling not available as a matter of law because plaintiff's administrative proceedings against the California Commission on Teacher Preparation and Licensing did not provide notice to the officials of a local school district in a later federal action). Accordingly, the district court properly dismissed these claims as barred by the statute of limitations. See id.[4]
 
 III. Leave to Amend
 
 15
 Crawford contends that the district court erred in denying him leave to file a second amended complaint after the dismissal of his first amended complaint. This contention lacks merit.
 
 
 16
 We review the denial of leave to amend after a responsive pleading has been filed for abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). The policy favoring leave to amend should be liberally construed when applied to a pro se plaintiff's complaint. See Fed.R.Civ.P. 15(a); Ferris v. Santa Clara County, 891 F.2d 715, 719 (9th Cir.1989), cert. denied, 498 U.S. 850 (1990). "Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Texaco, Inc., 939 F.2d at 798; see also Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir.1993) (applying factors to motion for leave to amend after dismissal on statute of limitations grounds), petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 25, 1994) (No. 93-1481).
 
 
 17
 Here, the district court denied Crawford's motion for leave to file a second amended complaint after the dismissal of the first amended complaint. The court held that Crawford's second amended complaint contained substantially the same allegations as his first amended complaint. In addition, the court noted that Crawford's same lawsuit had been pending since the early 1980's. Thus, the district court apparently found that the first, second and third factors weighed against granting leave to amend. See Texaco, Inc., 939 F.2d at 798. Even under a liberal construction of Crawford's motion, the district court did not abuse its discretion in denying Crawford's motion for leave to amend. See id. at 798-99.[5]
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The procedural posture of this case is somewhat ambiguous because the district court relied on matters outside the pleading. Generally, if the district court considers matters outside the pleading in ruling on a motion to dismiss, the motion is converted into a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir.1988); Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir.1986). However, the district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into one for summary judgment. See, e.g., Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.1994) (judicial notice of Department of Labor Field Operations Handbook); Emrich, 846 F.2d at 1198 (judicial notice of district and appellate court proceedings); Mack, 798 F.2d at 1282 (judicial notice of records and reports of administrative bodies)
 Here, the defendants filed a request for the district court to take judicial notice of the proceedings before the California State Personnel Board, the California courts, and the federal district court in the first action. Since these proceedings are all matters of public record, the district court could consider these documents without converting the motion to dismiss to one for summary judgment. See Mack, 798 F.2d at 1282. Accordingly, we treat the district court's decision as a dismissal for failure to state a claim under Rule 12(b)(6) and limit our inquiry to the content of the complaint and the matters of public record. See Emrich, 846 F.2d at 1198.
 
 
 [2]
 In his reply brief, Crawford contends that he has not requested equitable tolling. Nonetheless, Crawford relies on Donoghue to support his contention that the statute should be tolled. Thus, it appears that Crawford is raising an equitable tolling claim because Donoghue concerns the California doctrine of equitable tolling. See Donoghue, 848 F.2d at 930-31
 Moreover, the California statutes that Crawford relies on to support his tolling claim are inapplicable to this action. California Code of Civil Procedure Sec. 338(4) states the time for accrual of a cause of action, but the accrual of a cause of action is determined by federal law. See Gibson, 781 F.2d at 1340. California Code of Civil Procedure Sec. 356 tolls the limitations period when the action is stayed by an injunction or statutory prohibition. Here, Crawford contends that this statute should apply to the exhaustion of administrative remedies. However, the exhaustion of administrative remedies is neither an injunction nor a statutory prohibition. Accordingly, Crawford's only possible remedy is the California doctrine of equitable tolling.
 
 
 [3]
 In his motion for reconsideration of the dismissal, Crawford alleged for the first time that he discovered the alteration of the hearing officer's decision in the fall of 1989. Crawford failed to raise this claim in his original complaint, his amended complaint, his opposition to the motion to dismiss, or at the hearing on the motion to dismiss, even though the defendants had asserted a statute of limitations defense. Crawford has not offered any explanation for failing to provide this information earlier. See Hinton v. Pacific Enter., 5 F.3d 391, 395 (9th Cir.1993) (burden of alleging facts which give rise to tolling falls upon the plaintiff), petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 25, 1994) (No. 93-1481). Accordingly, the district court did not err in failing to consider this new allegation, which Crawford raised for the first time in his motion for reconsideration. See Trentacosta v. Frontier Pacific Aircraft Indus., Inc., 813 F.2d 1553, 1557-58 n. 4 (9th Cir.1987) (affirming district court's grant of dismissal for lack of subject matter jurisdiction where plaintiff submitted affidavits for first time with motion for reconsideration and offered no excuse for his failure to present them in opposition to motion to dismiss)
 
 
 [4]
 We need not address Crawford's additional tolling argument concerning his first federal action because the statute of limitations expired before Crawford filed that action in 1989. In addition, we need not address Crawford's arguments concerning collateral estoppel since all three causes of action are barred by the statute of limitations
 
 
 [5]
 In his motion for reconsideration and leave to amend, Crawford alleged that he first learned of the hearing officer's decision to withdraw the incompetence charge in 1989. Crawford states that this allegation is "a new fact and new law that were [sic] not provided at this Court's first hearing." Crawford contends that the statute of limitations did not commence until 1989 when he discovered that this hearing officer's decision was removed from the report
 When a plaintiff fails to show that he or she was unable to discover the proposed amended material before filing a motion to amend, the district court may deny leave to amend upon this basis alone. Hinton, 5 F.3d at 895-96. Here, Crawford has failed to show that he could not discover his proposed amendment before seeking leave to amend. On the contrary, Crawford knew of this fact in 1989 but he failed to raise it until he filed his motion for reconsideration and leave to amend. Therefore, the district court did not abuse its discretion in denying leave to amend, despite this "new" allegation. See id.