129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ordon E. JOHNSON, Plaintiff-Appellant,
v.
Richard C. BURTON, Esquire; Les Scher, Esquire; Anthony
Ambra; Sevastian Ambra; First American Financial Corp.;
Charles Cliburn; Mendocino County, California; Scott
Lestrange, Esquire; William A. Robertson, III, Esquire;
James F. Demartini, Esquire, Defendants-Appellees.
 Nos. 96-16852, 96-16979.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997**
Oct. 23, 1997.
 
 Appeal from the United States District Court for the Northern District of California Edward A. Infante, Magistrate Judge, Presiding
 Appeal from the United States District Court for the Northern District of California, James Ware, District Judge, Presiding.
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these consolidated appeals, Gordon E. Johnson appeals pro se the district court's orders granting summary judgment for Richard Burton and dismissing Johnson's claims against the remaining defendants. Johnson alleged the defendants "conspired to violate the Homestead Act of 1916," thereby depriving him of the rights secured by 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Kruso v. Int'l. Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), and we affirm.
 
 
 3
 Johnson contends that the district court erred by finding that his claims are barred by the statute of limitations. We disagree.
 
 
 4
 Section 1983 claims arising in California are subject to a one-year statute of limitation. See Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). Here, taking all of Johnson's allegations as true, the latest possible date from which a statute of limitations could be calculated is September 1, 1992; the date upon which the state appellate court affirmed the state trial court's 1990 decision. Johnson filed his complaint in district court on March 22, 1996, more than one year after the September 1, 1992 date set forth in his complaint. Accordingly, the district court properly dismissed Johnson's action because his claims were barred by the statute of limitations. See id.[1]
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 First American's request for sanctions under Fed.R.Civ.P. 11 is denied because that rule applies only to district courts
 
 
 [2]
 Although the district court dismissed Johnson's claim against First Financial because it was barred by res judicata, we may affirm for any reason supported by the record. See Welch v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990). Because we find that Johnson's claim against First Financial is time barred, we deny First Financial's request for judicial notice