50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold Lee JACKSON, Plaintiff-Appellant,
v.
CITY OF MEMPHIS; Memphis Police Department; Director of
Memphis Police Department; Jim D. Music; Lee A.
Saulsberry, Defendants-Appellees.
 No. 94-5344.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1995.
 
 Before: BROWN, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Harold Lee Jackson, a pro se Tennessee resident, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Jackson also raised various supplemental state law claims. See 28 U.S.C. Sec. 1367(c). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Jackson sued the city of Memphis, the Memphis police department and its director, Memphis police officer Jim Music, and Lee A. Saulsberry, a private citizen. Jackson's suit concerned defendants' involvement in his prosecution and subsequent conviction for first degree murder in 1974. In January 1991, Jackson obtained copies of Memphis police files showing that the state prosecutors had failed to reveal exculpatory evidence, including Saulsberry's failure to identify Jackson as the murderer. On May 20, 1992, the Criminal Court of Shelby County, Tennessee, granted Jackson post-conviction relief and ordered a new trial based on the evidence contained in the police files. The State of Tennessee dropped the murder charges against Jackson, and he was released from prison on June 19, 1992.
 
 
 3
 On April 21, 1993, Jackson filed a civil rights complaint under 42 U.S.C. Sec. 1983. Jackson also raised a claim of malicious prosecution and a claim under the Tennessee Governmental Tort Liability Act, Tenn.Code Ann. Sec. 29-20-101 et seq. The defendants moved for summary judgment which Jackson opposed. The district court granted summary judgment for the defendants, noting that Jackson's complaint was barred by the applicable statutes of limitations.
 
 
 4
 In his timely appeal, Jackson argues that Saulsberry's actions should be considered as being under color of state law, and that the district court erred in concluding that Saulsberry and Music were entitled to immunity.
 
 
 5
 This court's review of an order granting summary judgment is de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we conclude that Jackson's complaint is barred by the applicable statutes of limitations. Jackson received the Memphis police files revealing the exculpatory evidence on January 31, 1991. However, Jackson did not file his civil rights complaint until April 21, 1993. The applicable statute of limitations for civil rights claims arising in Tennessee is one year. Jackson v. Richards Medical Co., 961 F.2d 575, 578 (6th Cir.1992); Tenn.Code Ann. Sec. 28-3-104(a). Jackson's injury accrued for purposes of Sec. 1983 when he learned of the non-disclosure of the favorable evidence, not when his conviction was overturned. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760-62 (9th Cir.1991), cert. denied, 502 U.S. 1091 (1992). The one-year statute of limitations began to run on January 31, 1991, when Jackson obtained the police records. Thus, Jackson's Sec. 1983 claim is barred by the applicable statute of limitations.
 
 
 7
 We further note that, with regard to Jackson's supplemental state law issues, his malicious prosecution claim and Tennessee Governmental Tort Liability Act claim are also barred by one-year statutes of limitations. Tenn.Code Ann. Secs. 28-3-104(a)(1) and 29-20-305(b). Finally, Jackson's remaining arguments are rendered meritless because of the applicable statutes of limitations.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.