12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John BADEA, Plaintiff-Appellant,
v.
Billy FLOWERS, Defendant,
and
Ralph Orduno; R.R. Smith, individually and as Detectives of
the Las Vegas Metropolitan Police Department; Las
Vegas Metropolitan Police Department,
Defendants-Appellees.
 No. 93-15431.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 16, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Badea appeals the district court's dismissal of his complaint. He claimed violations of his civil rights pursuant to 42 U.S.C. Sec. 1983, and civil violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961, et seq. We affirm.
 
 
 3
 He predicates his section 1983 claims on allegations that defendants illegally searched his property, and that he never possessed the embosser that formed the basis of his conviction. Badea pleaded guilty to violating 18 U.S.C. Sec. 1029(a)(4) and (c), possession of device-making equipment.
 
 
 4
 We previously ruled in his 28 U.S.C. Sec. 2255 and Fed.R.Crim.P. 35 appeals that the search was legal, and that he could not deny possession of the embosser after admitting possession under oath in his change of plea hearing. United States v. Badea, Nos. 88-1408, 88-15450 (9th Cir. Feb. 13, 1990) (unpublished memorandum). He is collaterally estopped from asserting otherwise. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 762 (9th Cir.1991), cert. denied, 112 S.Ct. 1161 (1992). His claim that the warrant was executed shortly after 7:00 p.m. does not raise a constitutional issue. United States v. Searp, 586 F.2d 1117, 1124 (6th Cir.1978), cert. denied, 440 U.S. 921 (1979).
 
 
 5
 Badea's RICO claims are insufficient because his predicate acts do not "amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989). The acts occurred during a short time period and culminated in a single legal search, seizure and conviction. No threat of future activity was shown.
 
 
 6
 Because the district court has already prohibited Badea from filing any further actions relating to his conviction, incarceration and parole, it is not necessary to enjoin Badea from filing further appeals.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3