[redacted]

[redacted]

**Jonathan MORGAN, Plaintiff—Appellant,**

**v.**

**E. ROSADO, L.A. County Deputy Sheriff; et al., Defendants—Appellees.**

**No. 03-55796.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

Jonathan Morgan, Los Angeles, CA, pro se.

Peter Martin Glick, Louis V. Aguilar, Office of the County Counsel, Los Angeles, CA, for Defendant-Appellee.

[redacted]

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

California state prisoner Jonathan Morgan appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. §§ 1983 and 1985 action alleging that prison officials violated his constitutional rights by confiscating his legal materials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998), and we can affirm on any ground supported by the record, *Serrano v. Francis*, 345 F.3d 1071, 1076–77 (9th Cir.2003).

To the extent Morgan alleged prison officials retaliated against him for filing actions in federal court, the evidence establishes that his legal materials were confiscated for a legitimate penological purpose. *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir.1997).

To the extent Morgan alleged violation of his right to access the courts, he did not show that the confiscation of his legal materials adversely affected his prosecution of a non-frivolous legal action. *See Lewis v. Casey*, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Morgan's conspiracy claim fails because he did not allege or present evidence to establish there was an agreement between two or more people to illegally confiscate his property. *See, e.g., Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 763 n. 6 (9th Cir.1991).

Morgan's claim that prison officials failed to properly train the employees who confiscated his legal materials fails because he did not allege or establish that "the [officials] made a 'deliberate' or 'conscious' choice to fail to train [their] employees adequately." *See Boyd v. Benton County*, 374 F.3d 773, 784 (9th Cir.2004).

Morgan's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

