**Jim TATREAU; Richard Bonneau; Richard Weemer, Plaintiffs—Appellants,**

v.

**CITY OF LOS ANGELES; Los Angeles Police Department; Bernard Parks, in his individual capacity and official capacity as Chief of Police, Defendants—Appellees.**

No. 03–56638.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2005.

Decided July 11, 2005.

Before LAY,\* KOZINSKI, and THOMAS, Circuit Judges.

## MEMORANDUM \*\*

■ The district court erred in granting summary judgment. There remain genuine issues of material fact as to whether the positions the plaintiffs sought within the LAPD were "confidential or policy-making," which would exempt the defendants from liability for alleged First Amendment retaliation. *Walker v. City of Lakewood*, 272 F.3d 1114, 1131–32 (9th Cir.2001). Contrary to the district court's findings, the job of a Los Angeles Police Department Commander is not a policy-making position. It is undisputed that Commanders do not make policy; they implement policy. Thus, the position lacks the delegated discretionary power that marks policymaking positions. *See id.* at 1132–33.

However, genuine issues of material fact exist as to whether the position is "confidential." The defendants assert that Commanders are "considered" members of the personal staff of the Chief of Police and who advise him on policy matters. Plaintiffs point out that Commanders are not staff, but civil service line employees, two positions removed from the Chief, and housed in different geographic locations. Thus, the record is not developed sufficiently to permit us to determine as a matter of law whether the Commander is a "confidential" position. *See DiRuzza v. County of Tehama*, 206 F.3d 1304, 1311

Marco Simons, Esq., Cornelia Dai, Esq., Sandra C. Munoz, Hadsell & Stormer, Pasadena, CA, Paul L. Hoffman, Esq., Schonbrun Desimone Seplow Harris & Hoffman, LLP, Venice, CA, for Plaintiffs–Appellants.

Katherine J. Hamilton, Esq., Janis Levart Barquist, Esq., Rockard J. Delgadillo, Esq., Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.2000) (reversing summary judgment because genuine issues of material fact existed as to whether deputy sheriff was a confidential or policymaking position).

■ The district court also erred in concluding that plaintiffs Bonneau and Wemmer's claims were barred by the statute of limitations. Actions brought pursuant to 42 U.S.C. § 1983 are governed by analogous personal injury state law statutes of limitations. *Wilson v. Garcia,* 471 U.S. 261, 269, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). At all times relevant to this action, the analogous California statute of limitation was one year. Cal.Code Civ. Proc. § 340(3) (2001); *Usher v. City of Los Angeles,* 828 F.2d 556, 558 (9th Cir.1987); *but see* Cal.Code Civ. Proc. § 335.1 (setting two-year statute of limitations for personal injury actions, effective January 1, 2003). Although the state limitations period controls, federal law governs when a cause of action accrues and the statutory period begins to run. *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir.1991). Under federal law, a § 1983 claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action. *Id.* at 761–62.

The district court concluded that the plaintiffs' claims accrued from the date of the last promotions from the 1999 list, which would put their claims outside the statute of limitations. However, under almost identical circumstances, we have held that such claims accrue when the eligibility for promotion expires. *Bouman v. Block,* 940 F.2d 1211, 1221 (9th Cir.1991). In this case, there was an open Commander position that remained unfilled until June 23, 2001, when the plaintiffs' eligibility expired. At that time, as in *Bouman,* the injury became certain and the statute of limitations commenced running. *Id.* Be-

cause the action was filed within a year of that date, the claims were timely.

REVERSED AND REMANDED.