**Michael WENRICH; et al.,
Plaintiffs—Appellants,**

v.

**COUNTY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 04–55104.

D.C. No. CV–02–07740–GAF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Dec. 21, 2005.

Paul Crost, Esq., Reich, Adell, Crost & Cvitan A Professional Law Corporation, Los Angeles, CA, for Plaintiffs-Appellants.

Sheilah Curtis, Esq., Los Angeles, CA, Margaret L. Oldendorf, Esq., Pasadena, CA, for Defendants-Appellees.

Before HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

PAEZ, Circuit Judge, dissenting.

### MEMORANDUM *

Michael Wenrich and Edward Pechy appeal from the adverse grant of summary judgment holding that the applicable statute of limitations bars their challenge to the Los Angeles County Sheriffs Office's mandatory retirement policy. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

We determine a limitations period for a claim under 42 U.S.C. § 1983 by applying the forum state's statute of limitations for personal injury claims. *See, e.g., Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969 (9th Cir.2004) (citing *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). Under California law, that period is one year. Cal.Code Civ. Pro. § 340 (2005). Federal law, however, determines when a claim accrues. *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir.1991).

Under federal law, a § 1983 claim accrues when "the plaintiffs know or have reason to know of the injury that is the basis of their action." *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1058 (9th Cir.2002). Where an eventual allegedly unconstitutional firing is the result of an earlier operative act—such as the adoption of a policy—that sets in motion events that culminate in the firing, the date of the operative act—not the firing—determines the statute of limitations period under § 1983. *Delaware State Coll. v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *see also Nat'l R.R. Passenger*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Therefore, the § 1983 claim accrued when the city adopted its mandatory retirement policy in 1997, and the appellants' claim is time-barred.

AFFIRMED.

PAEZ, Circuit Judge, dissenting.

Although I agree with the majority that the applicable statute of limitations is one year under California law and that federal law determines when a claim accrues, I do not agree that Appellants' § 1983 claim accrued when the city adopted its mandatory retirement policy in 1997. Therefore, I respectfully dissent.

The majority cites *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045 (9th Cir. 2002), in support of its determination that Appellants' claims are time barred. In *RK Ventures,* we held that the plaintiffs' § 1983 claim alleging discriminatory enforcement of a public nuisance ordinance was time barred because the limitations period began to accrue from the date the city initiated abatement proceedings against the plaintiffs' nightclub. Rather than considering whether the adoption of the ordinance was the operative decision, we focused on the initiation of the abatement proceedings and the start of the administrative hearing. We determined that the plaintiffs' claims accrued when the city initiated abatement proceedings. Because the plaintiffs did not know that they would be injured by the ordinance when the city adopted it, the date of its enactment did not start the limitations period.

Although the facts of *RK Ventures* arise in a different context, the principle we recognized there applies to the present case. That is, Wenrich and Pechy did not know that they would be injured when the new policy was adopted because they were both years from the age of forced retire-ment. The majority's disposition effectively penalizes Appellants for not predicting what their life situations would be when they turned 60 and then filing suit accordingly. This view of the operative decision in this context encourages litigation based on uncertain injury. Moreover, Pechy attempted to challenge the policy in 1997 shortly after it was implemented. However, Appellee–Los Angeles County Employees Retirement Association ("LACERA") rejected this attempt and informed him that he "could not take any actions at that time to contest the mandatory retirement policy because [he] was not a victim of discrimination unless and until [he] was actually impacted by the policy." Wenrich and Pechy filed their claims within one year of the point at which their injury became certain, that is, when they were constructively forced to retire, which is tantamount to the operative decision in *RK Ventures.* In my view, their claims are not time barred.