PACIFIC BELLS ENTERPRISES, INC., an Oregon corporation; Kanekoa Enterprises, Inc., a Washington corporation; Border Express LLC, a Washington limited liability company; Pacific Bells Inc., an Oregon corporation, Plaintiffs–Appellees,

v.

U.S. BANK NATIONAL ASSOCIATION, Defendant–Appellant.

Kanekoa Enterprises, Inc., a Washington corporation; Border Express LLC, a Washington limited liability company; Pacific Bells Inc., an Oregon corporation; Pacific Bells Enterprises, Inc., an Oregon corporation, Plaintiffs–Appellants,

v.

U.S. Bank National Association, Defendant–Appellee.

Nos. 05–35273, 05–35315.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 25, 2006.

Filed Nov. 22, 2006.

Christopher Harding Kent, Esq., Leslie S. Johnson, Esq., Kent & Associates, Portland, OR, for Plaintiffs–Appellees.

John F. Neupert, Esq., Jennifer J. Roof, Esq., Greg E. Montgomery, Esq., Miller Nash, LLP, Portland, OR, for Defendant–Appellant.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and CARNEY *, District Judge.

## MEMORANDUM **

■ 1. The district judge did not err in holding as a matter of law that Pacific

---

* The Honorable Cormac J. Carney, District Judge for the Central District of California, sitting by designation.

Bells, Inc. ("Pacific–Inc") was a party to the easement. Although the easement language didn't mention Pacific–Inc, all evidence showed that both parties understood that the phrase "accounts of Pacific or Kanekoa Enterprises, Inc." included Pacific–Inc's accounts. After the easement was signed, the banks waived fees on Pacific–Inc.'s accounts for four years. And when the present dispute first arose, US Bank included Pacific–Inc's accounts on its list of accounts for which fees were waived under the agreement. [ER 338] *See McCausland v. McCausland,* 129 Wash.App. 390, 118 P.3d 944, 951 (2005) (contract meaning can be established through "subsequent acts and conduct of the parties" (quoting *Adler v. Fred Lind Manor,* 153 Wash.2d 331, 103 P.3d 773, 785 (2004) (en banc))). Because US Bank presented no evidence indicating a contrary mutual intent, judgment as a matter of law was proper on this point.

For largely the same reasons, the district judge didn't err in refusing to grant US Bank judgment on the pleadings. *See Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir.1991).

■ 2. The district judge didn't abuse his discretion in refusing to submit interrogatories to the jury regarding US Bank's restaurant-specific theory. The easement granted fee waivers to "accounts," not to "restaurants." US Bank claims that it had never considered the possibility that the accounts could be used for additional restaurants, but presented no evidence contemporaneous with the agreement demonstrating that the parties had intended to limit the agreement to existing restaurants. "[E]xtrinsic evidence may not be used '... to establish a party's unilateral or subjective intent as to the meaning of a contract word or term.'" *McCausland,* 118 P.3d at 951 (quoting *W. Wash. Corp. of Seventh–Day Adventists v.*

*Ferrellgas, Inc.,* 102 Wash.App. 488, 7 P.3d 861, 866 (2000)).

■ Likewise, the district judge didn't err in refusing to submit interrogatories to the jury regarding an implicit dollar limit in the fee waiver agreement. While US Bank argues that they hadn't considered the possibility of arbitrarily high fee waivers, the record contains no evidence that the parties intended any limitation on fees at the time the contract was signed.

■ 3. A party can be equitably estopped only when it acts inconsistently with a claim afterward asserted. *Adler,* 103 P.3d at 790. Plaintiffs have not acted inconsistently with their previous assertion that an easement was required. The district judge therefore didn't err in refusing to instruct the jury as to equitable estoppel. *Id.*

■ 4. Unilateral mistake excuses contract performance only if the party not mistaken is guilty of "fraud or inequitable conduct." *Kaufmann v. Woodard,* 24 Wash.2d 264, 163 P.2d 606, 609 (1945). Although the plaintiffs may have had information that Northwest National Bank didn't, that information was part of the public record. The plaintiffs' decision not to share that information was thus neither fraudulent nor inequitable. The district judge didn't err in refusing to instruct the jury on unilateral mistake.

■ 5. The jury here found that the fee waiver applied only to those accounts in existence in April of 1997. If the jury believed that consolidation of other restaurants into the existing accounts was allowable under the terms of the easement, the verdict would not be inconsistent with the interrogatories. The district judge didn't abuse his discretion in refusing to order a new trial. *White v. Ford Motor Co.,* 312 F.3d 998, 1005 (9th Cir.2002).

6. As the easement and fee-waiver issue here are unique to these parties, there is no likelihood that other parties will be injured in an identical fashion. The district judge therefore didn't err in holding that US Bank hadn't violated Washington's Consumer Protection Act. *See* Wash. Rev.Code § 19.86.920; *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 719 P.2d 531, 538 (1986) (en banc).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

