**Michael E. ALLEN, Plaintiff–Appellant,**

v.

**Theodore WHITE, Warden; et al., Defendants–Appellees.**

No. 05–17075.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Michael E. Allen, a California state prisoner, appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging denial of access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on statute of limitations grounds, *Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura,* 371 F.3d 1046, 1050 (9th Cir.2004), and we affirm.

Allen contends that the accrual date for this action was July 15, 2003, rather than November 15, 1999, the date determined by the district court. We are unpersuaded by Allen's contention because on or before November 15, 1999, he had reason to know of the injury that is the basis for his section 1983 claim. *See Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 761–62

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.1991) (we "hold that [appellant's] § 1983 ... action[] accrued for statute of limitations purposes when he first learned of the injury giving rise to his claims").

Allen contends that the district court did not consider his argument raised for the first time in his objections to the magistrate judge's findings and recommendations that the statute of limitations was tolled between 2000 and 2004 while he allegedly attempted to exhaust his administrative remedies. We are unpersuaded because the district court's order states that it received Allen's objections and carefully reviewed the entire file de novo.

Allen's remaining contentions are without merit.

**AFFIRMED.**