**VACATED and REMANDED.**

**Andre B. YOUNG, Plaintiff–Appellant,**

v.

**Joseph LEHMAN, Defendant–Appellee.**

No. 06–35161.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Sept. 27, 2007.

Andre B. Young, Steilacoom, WA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas Wayne Carr, Esq., AGWA—Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Defendant–Appellee.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Andre B. Young, a former Washington state prisoner and current civil detainee, appeals pro se from the district court's judgment dismissing as time-barred his 42 U.S.C. § 1983 action alleging that he was unlawfully detained past his earned early release date. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals on statute of limitations grounds, *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004), and we affirm.

The district court properly determined that Young's section 1983 action was barred by Washington's three-year statute of limitations, *see* Wash. Rev.Code § 4.16.080(2); *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir.1991), because Young had reason to know of his injury over three years prior to filing his action, *see id.* at 760–61, and because he failed to establish a basis for equitable tolling, *see Millay v. Cam,* 135 Wash.2d 193, 955 P.2d 791, 797 (1998) ("The predicates for equitable tolling are bad faith, deception, or false assurances by the de-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fendant and the exercise of diligence by the plaintiff.").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.