**Eugene D. CARPER, Plaintiff–Appellant,**

v.

**WASHINGTON STATE DEPARTMENT OF CORRECTIONS; et al., Defendants–Appellees.**

**No. 08–35514.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2009.*

Filed Jan. 22, 2010.

Eugene D. Carper, Monroe, WA, pro se.

Amanda M. Migchelbrink, Assistant Attorney General, Office of the Washington Attorney General, Olympia, WA, Randall Joseph Watts, Office of the Prosecutor, Bellingham, WA, for Defendants–Appellees.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

### MEMORANDUM **

Eugene D. Carper, a Washington state prisoner, appeals pro se from the district court's judgment dismissing as untimely his 42 U.S.C. § 1983 action alleging deliberate indifference to medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir.2007). We affirm in part, vacate in part, and remand.

The district court properly dismissed the action against Whatcom County Jail because it was filed well after the applicable three-year statute of limitations had expired. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991) (explaining that the statute of limitations for a § 1983 action filed in Washington "is the three-year limitation of Wash. Rev. Code § 4.16.080(2)").

We exercise our discretion to consider an argument raised for the first time on appeal. *See AlohaCare v. Haw., Dep't of Human Servs.*, 572 F.3d 740, 744–45 (9th Cir.2009) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.") (citation and internal quotation marks omitted). The record shows that the action against the remaining defendants was not time-barred because Carper was entitled to tolling during the pendency of his administrative appeals. *See Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir.2005) (agreeing "with the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process"); *see also* Fed.R.Civ.P. 15(c) (allowing an amendment to a pleading to relate back to the date of the original pleading under specified circumstances). Accordingly, we vacate the dismissal of the claims against these defendants and remand for further proceedings.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

