MEMORANDUM **
Eugene D. Carper, a Washington state prisoner, appeals pro se from the district court’s judgment dismissing as untimely his 42 U.S.C. § 1983 action alleging deliberate indifference to medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Canatella v. Van De Kemp, 486 F.3d 1128, 1132 (9th Cir.2007). We affirm in part, vacate in part, and remand.
The district court properly dismissed the action against Whatcom County Jail because it was filed well after the applicable three-year statute of limitations had expired. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991) (explaining that the statute of limitations for a § 1983 action filed in Washington “is the three-year limitation of Wash. Rev. Code § 4.16.080(2)”).
We exercise our discretion to consider an argument raised for the first time on appeal. See AlohaCare v. Haw., Dep’t of Human Servs., 572 F.3d 740, 744-45 (9th Cir.2009) (“Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.”) (citation and internal quotation marks omitted). The record shows that the action against the remaining defendants was not time-barred because Carper was entitled to tolling during the pendency of his administrative appeals. See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir.2005) (agreeing “with the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process”); see also Fed.R.Civ.P. 15(c) (allowing an amendment to a pleading to relate back to the date of the original pleading under the specified circumstances). Accordingly, we vacate the dismissal of the claims against these defendants and remand for further proceedings.
The parties shall bear their own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.