**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEOPOLDO CARDENAS,

Plaintiff - Appellant,

v.

MAGGIE MILLER-STOUT; et al.,

Defendants - Appellees.

No. 12-35997

D.C. No. 2:11-cv-05117-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Washington state prisoner Leopoldo Cardenas appeals pro se from the

district court's order dismissing his 42 U.S.C. § 1983 action alleging due process

and retaliation claims as barred under the statute of limitations. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002), and we affirm.

The district court properly dismissed Cardenas's due process claim as untimely because it was filed more three years after Cardenas received notice that the disciplinary infraction underlying his claim had been expunged.  *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (limitations period for § 1983 action is three years under Washington state law; claim accrues when plaintiff "knows or has reason to know of the injury which is the basis of the action"); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87, 489 (1994) (§ 1983 claim arising from an allegedly unconstitutional conviction or sentence accrues when the "conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus").

The district court properly dismissed Cardenas's retaliation claim as untimely because it was filed more than three years after the allegedly retaliatory denial of Cardenas's request for restoration of previously-lost good time credits. *See Bagley*, 923 F.2d at 760.  Moreover, Cardenas's retaliation claim was never barred by *Heck* because a favorable resolution on the claim would not necessarily implicate the validity of the previous infraction or accompanying revocation of good time credits.  *See Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) (*Heck*

only bars a claim arising from an unconstitutional deprivation of good time credits if the alleged constitutional violation would necessarily imply the invalidity of the deprivation of good time credits).

Cardenas's contentions regarding the delayed accrual of his claims based on various theories, and the tolling of his claims based on a Washington state notice of claim provision, are unpersuasive.

**AFFIRMED.**