**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HENRY GOSSAGE,

  Plaintiff - Appellant,

v.

RICHARD TERRILL; et al.,

  Defendants - Appellees.

No. 13-35006

D.C. No. 2:12-cv-00631-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted November 18, 2014[**]

Before:   LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Henry Gossage appeals pro se from the district court's judgment dismissing

as time-barred his action alleging that defendants violated his rights under *Bivens*

*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

(1971), and the Freedom of Information Act ("FOIA"), by allegedly failing to

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

inform him that his debarment from federal employment had been lifted.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly dismissed Gossage's *Bivens* claim as time-barred because Gossage filed this action more than three years after he knew that his debarment from federal employment had been lifted.  *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (limitations period for *Bivens* action is three years under Washington state law; claim accrues when plaintiff "knows or has reason to know of the injury which is the basis of the action" (internal quotation marks omitted)).  Contrary to Gossage's primary argument on appeal, the district court properly concluded that Gossage set forth no basis for equitable tolling.  *See Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002) (like the statute of limitations, "[t]olling provisions for *Bivens* claims are also borrowed from the forum state"); *Trotzer v. Vig*, 203 P.3d 1056, 1062 (Wash. Ct. App. 2009) (setting forth predicates for equitable tolling).

We do not consider issues raised in Gossage's opening brief that are not supported by argument, including the district court's dismissal of Gossage's FOIA

13-35006

claim.  *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) ("Issues

raised in a brief which are not supported by argument are deemed abandoned."

(internal quotation marks omitted)).

**AFFIRMED.**