FILED

NOT FOR PUBLICATION

NOV 23 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEAN HARTFIELD,

Plaintiff-Appellant,

v.

OREGON STATE BAR; DOES, 1-10,

Defendants-Appellees.

No. 16-35116

D.C. No. 3:16-cv-00068-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted November 16, 2016[**]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Sean Hartfield appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging a Fourteenth Amendment claim.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

dismissal of an action as barred by the statute of limitations.  *Lukovsky v. City &*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008).  We affirm.

The district court properly dismissed Hartfield's action because it is barred by the applicable statute of limitations.  Although Hartfield maintains that he should have been given leave to amend with regard to the statute of limitations issue, he suggests no specific amendment that would have altered the accrual date on which the district court relied.  *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (explaining that the statute of limitations for § 1983 actions is the state law statute of limitations for personal injury actions, and that Oregon's statute of limitations for such actions is two years); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (federal claim accrues when the plaintiff knows or has reason to know of the injury); *see also Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993) (district courts may sua sponte consider the issue of statute of limitations where defendant has not waived the defense and plaintiff has been given a chance to address the issue).

**AFFIRMED.**