**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT FINBAR BROWN, | No. 16-35763 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00626-JCC |
| v. | |
| PEACEHEALTH ST JOSEPH'S HOSPITAL; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 9, 2017[**]

Before:   SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Robert Finbar Brown appeals pro se from the district court's judgment

dismissing as time-barred his action alleging federal and state law claims arising

out of his wife's death.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

on the basis of the applicable statutes of limitations. *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004). We affirm.

The district court properly dismissed Brown's action as barred by the applicable statutes of limitations. *See* Wash. Rev. Code § 4.16.350(3) (statute of limitations for injuries resulting from health care is three years from act or omission or one year from the date of actual knowledge of an act of fraud or concealment); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (statute of limitations for 42 U.S.C. § 1983 claims in Washington state is three years from the date on which the plaintiff knows or has reason to know of the injury that is the basis of the claims).

The district court did not err by implicitly denying Brown's partial motion for summary judgment because it was moot.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Brown's request for judicial notice (Docket Entry No. 44) is denied.

**AFFIRMED.**