NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ST. ANTHONY MEDICAL CENTERS,<br><br>                    Plaintiff-Appellant,<br><br>    v.<br><br>JENNIFER KENT, Director of the California Department of Health Care Services and THE CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES,<br><br>                    Defendants-Appellees. | No.    16-16589<br><br>D.C. No. 2:15-cv-01926-KJM-DB<br><br>MEMORANDUM* |

On Appeal from the United States District Court
for the Eastern District of California,
Judge Kimberly J. Mueller, presiding

Submitted August 14, 2018
San Francisco, California**

Before:  O'SCANNLAIN and BEA, Circuit Judges, and STEARNS,*** District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

1

This case concerns a dispute regarding reimbursement rates under the federal Medicaid program, as implemented by California's Department of Health Care Services (the "Department").[1] St. Anthony Medical Centers ("St. Anthony") is a Federally Qualified Health Center ("FQHC"). As a FQHC, St. Anthony's reimbursement rate for Medicaid services was to be set when it "first" qualified as a FQHC. 42 U.S.C. § 1396a(bb)(4). The rate is then to be adjusted annually to account for inflation or changes in the scope of services offered by the FQHC. 42 U.S.C. § 1396a(bb)(3).

St. Anthony first qualified as a FQHC in 2001, but lost its certification in 2003. St. Anthony re-qualified as a FQHC in 2004. However, the Department did not set a new initial reimbursement rate for St. Anthony at that time. Instead, the Department continued to use St. Anthony's reimbursement rate from 2001, adjusted for inflation, and continued to do so until 2015.

In 2015, St. Anthony sued the Department, claiming that the Department's failure to set a new initial reimbursement rate in 2004 had injured St. Anthony and alleging claims under 42 U.S.C. § 1983. The Department moved to dismiss the complaint on the ground that St. Anthony's claims were time-barred, and the district

[1] St. Anthony brought suit against both the Department and its Director, Jennifer Kent, but the district court dismissed all claims against the Department because the Eleventh Amendment renders it immune from suit as a nonconsenting state entity. St. Anthony does not challenge this dismissal on appeal, but for ease of reference, we still refer to the appellees in this case as "the Department."

court granted the motion and dismissed the complaint with prejudice. St. Anthony appeals.

We review de novo the district court's decision to grant a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). Well-pleaded factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Zucco Partners, LLC* v. *Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). Finding no error in the district court's decision, we affirm.

1. St. Anthony's claims are subject to a two-year statute of limitations. *See Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 956 (9th Cir. 2011). As a result, St. Anthony's claims are timely only if they accrued on or after September 11, 2013 (two years prior to the date St. Anthony filed suit). St. Anthony argues that the statute of limitations never should have begun to run on its claims because the Department never issued St. Anthony a "final decision" stating that the Department would not recalculate St. Anthony's reimbursement rate.

Under federal law, a claim accrues when the plaintiff knows or has reason to know of his injury. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Here, it is clear that St. Anthony knew or should have known that it was being compensated at a rate derived from its 2001 initial reimbursement rate (with adjustments for increases in inflation) when St. Anthony began to receive payments

3

from the Department based on that rate, likely in 2004 but certainly before September 11, 2013. Additionally, St. Anthony was or should have been aware that the Department was conducting its annual recalculation of St. Anthony's reimbursement rate based on the 2001 initial reimbursement rate (rather than a new rate) when the Department first recalculated St. Anthony's rate, likely in 2004 but certainly before September 11, 2013.

As a result, we hold that the statute of limitations began to run on St. Anthony's claim long before the limitations cut-off of September 11, 2013.

2. Next, St. Anthony argues that the statute of limitations does not bar its claims regarding rate calculations and payments made on or after September 11, 2013 because each rate calculation or payment was a discrete, wrongful act that triggered a new limitations period. St. Anthony is incorrect. The post-2013 payments and recalculations were not discrete actions taken by the department that are separately actionable. Rather, those payments and recalculations were the inevitable consequences of the Department's prior decision not to give St. Anthony a new initial reimbursement rate. Discrete injuries that occur within the limitations period—including incorrect payments—that are the inevitable consequences of a decision or action that occurred outside the limitations period are not actionable. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 628 (2007), *superseded by statute*, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5; *Pouncil*

4

*v. Tilton*, 704 F.3d 568, 581 (9th Cir. 2012); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).

In light of the above, the judgment of the district court is **AFFIRMED**.