**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XAVIER ESTEBAN ANAYA,

Plaintiff-Appellant,

v.

MICHAEL ZILLES, Phoenix Police
Department Detective; et al.,

Defendants-Appellees.

No. 20-15330

D.C. No. 2:17-cv-03886-SMB-JZB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan Brnovich, District Judge, Presiding

Submitted February 17, 2021[**]

Before: FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Arizona state prisoner Xavier Esteban Anaya appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging Fourteenth

Amendment claims arising from his medical treatment as a pretrial detainee. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gordon v. County*

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment on Anaya's threat-to-safety claims against defendants Zilles, Rayner, and Peckins because the claims are untimely under the applicable statute of limitations. *See* Ariz. Rev. Stat. § 12-542 (setting forth two-year statute of limitations for personal injury claims); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (§ 1983 claims are subject to the forum state's statute of limitations for personal injury claims); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761-62 (9th Cir. 1991) (§ 1983 claim accrues when the plaintiff first learns of the injury giving rise to the claim).

The district court properly granted summary judgment on Anaya's inadequate medical care claim against defendant Schwier because Anaya failed to raise a genuine dispute of material fact as to whether Schwier's conduct in the course of treating Anaya was objectively unreasonable. *See Gordon*, 888 F.3d at 1124-25 (setting forth objective deliberate indifference standard for Fourteenth Amendment inadequate medical care claim brought by pretrial detainee).

The district court did not abuse its discretion in denying Anaya's motions to appoint counsel because Anaya failed to demonstrate "exceptional circumstances" that would warrant the appointment of counsel. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

The district court did not abuse its discretion by denying Anaya's discovery

motions because Anaya failed to demonstrate that the denial of discovery resulted in actual and substantial prejudice to him. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**