Wayne FROST, Plaintiff—Appellant,

v.

DIOCESE OF SAN BERNARDINO ED-
UCATION AND WELFARE CORPO-
RATION FOR the BENEFIT OF
SAINT CATHERINE OF ALEXAN-
DRIA; et al., Defendants—Appellees.

No. 07–56007.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2008.*

Filed Dec. 8, 2008.

Moises A. Aviles, Esq., Aviles & Associ-
ates, San Bernardino, CA, for Plaintiff–
Appellant.

Barbara A. Keough, Esq., Borton, Petri-
ni & Conron, San Bernardino, CA, for
Defendants–Appellees.

Before: GRABER and CLIFTON,
Circuit Judges, and REED,** District
Judge.

MEMORANDUM ***

Wayne Frost appeals the district court's
dismissal of his complaint against the Dio-
cese of San Bernardino Education and
Welfare Corporation, the County of River-
side, and three named employees of St.
Catherine of Alexandria, a parochial
school. We conclude, as did the district
court, that Frost's action under 42 U.S.C.
§ 1983 is barred by the applicable statute

---

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

** The Honorable Edward C. Reed, Jr., Senior
United States District Judge for the District of
Nevada, sitting by designation.

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

of limitations, as to all claims and all defendants. Accordingly, we affirm the dismissal under Federal Rule of Civil Procedure 12(b)(6).

The limitations period here is two years, derived from California's two-year statute of limitations for personal injury actions. Cal.Civ.Proc.Code § 335.1; *see also Andonagui v. May Dep't Stores Co.*, 128 Cal. App.4th 435, 27 Cal.Rptr.3d 145, 149 (Ct. App.2005) (applying the two-year statute of limitations, rather than a one-year limitations period, to an action with similar relevant dates). "A federal claim [under § 1983] accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991) (citation and internal quotation marks omitted). Frost does not dispute that he knew of his injury on or near January 25, 2002, the date on which Child Protective Services allegedly was called. Frost's alleged receipt of a letter from the County on March 30, 2004, does not represent a separate "injury" that forms the "basis of the action." *Id.*

■ Frost's argument that the statute of limitations has yet to run because the defendants' actions are "ongoing" is unavailing. Frost provides no evidence of continuing *violations* that harm him, but instead focuses on the harmful *effects* of time-barred acts. Only the former are relevant for statute of limitations purposes. *See Garcia v. Brockway*, 526 F.3d 456, 462–63 (9th Cir.2008) (en banc) (holding the continuing violation doctrine inapplicable in an action claiming violations of design and construction requirements in the Fair Housing Act, notwithstanding any continuing "ill effects" of the improper design and construction), *petition for cert. filed*, 77 U.S.L.W. 3075 (U.S. July 31, 2008) (No. 08–140). Moreover, our precedent precludes Frost from invoking the continuing violation doctrine to challenge unchanged policies and practices of the County that allegedly caused him harm outside of the limitations period. *See Cherosky v. Henderson*, 330 F.3d 1243, 1248 (9th Cir. 2003) (refusing to apply the doctrine in an employment discrimination case). The district court properly granted the defendants' motions to dismiss.

The district court likewise did not abuse its discretion in denying Frost leave to amend his complaint. *See Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002) (applying abuse of discretion review). The general rule allowing parties to amend their pleadings "does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998) (internal citations omitted). Here, Frost cannot allege additional facts that would toll the statute of limitations for the acts that underlie his complaint, so allowing him leave to amend would have been "an exercise in futility." *Id.*

■ Finally, Frost argues unpersuasively that the district court violated his due process rights by denying oral argument on the motions to dismiss. We have long held that "[t]he opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved." *Dredge Corp. v. Penny*, 338 F.2d 456, 462 n. 14 (9th Cir.1964). The denial of oral argument here was not improper.

**AFFIRMED.**