**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER ERIKSEN, a single man; MARY ERIKSEN, a single woman,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>RONAL SERPAS, Chief, Washington State Patrol; KITTITAS COUNTY, a municipal corporation; CITY OF CLE ELUM, a municipal corporation; GENE DANA, Kittitas County Sheriff; JOHN DOE, Squad Supervisor; BRENNEN MILLOY, Chief of Police, City of Cle Elum; JOHN DOE, Administrator, City of Cle Elum; WILLIAM LARSON, District Commander for Sixth District Washington State Patrol; PAUL WOODSIDE, #398, Washington State Patrolman or Dispatcher; DAVID SNYDER, #1087, Washington State Patrolman or Dispatcher; DAVID STANDISH, #930, Washington State Patroman or Dispatcher; JOHN KOCH, Washington State Patrolman or Dispatcher; JOHN DOES, Washington State Patrolman or Dispatcher; JAMES WOODY, #S19, Kittitas County Deputy Sheriff; MARK | No. 09-35841<br><br>D.C. No. 2:09-cv-00082-EFS<br><br>MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

RICKY, #S20, Kittitas County Deputy Sheriff; JOHN DOES, Kittitas County Deputy Sheriffs,

Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted April 16, 2012
San Francisco, California

Before: McKEOWN and N.R. SMITH, Circuit Judges, and NGUYEN, District Judge.[**]

Peter and Mary Eriksen ("Appellants" or "the Eriksens") appeal from the district court's judgment dismissing their 42 U.S.C. § 1983 action alleging excessive force.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal based on the applicable statute of limitations. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003 (9th Cir. 2006) ("Though we review *de novo* the district court's determinations with respect to the statute of limitations,

[**] The Honorable Jacqueline H. Nguyen, District Judge for the U.S. District Court for Central California, sitting by designation.

2

we review for abuse of discretion its conclusions regarding the applicability of equitable tolling."). We review for an abuse of discretion the district court's denial of leave to amend. *Lipton v. PathoGenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002). We affirm.

The district court properly dismissed the action because the Eriksens filed it well after the applicable three-year statute of limitations period had run. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) ("[T]he appropriate statute of limitations in a § 1983 action is the three-year limitation of Wash. Rev. Code § 4.16.080(2).").

In addition, the Eriksens have failed to establish a basis for equitable tolling. "For actions under 42 U.S.C. § 1983, courts apply . . . the forum state's law regarding tolling, including equitable tolling, except to the extent [the law] is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted). Thus, Washington law applies.

The current predicates for equitable tolling in civil cases under Washington law are not clear. *See In re Carter*, 172 Wash. 2d 917, 928–29 (2011) (en banc); *In re Bonds*, 165 Wash. 2d 135, 141 (2008) (en banc). However, it is clear, under any Washington articulation of predicates, that a plaintiff must exercise diligence in the

3

pursuit of his case before he is entitled to equitable tolling. *See Carter*, 172 Wash. 2d at 928–29; *Bonds*, 165 Wash. 2d at 141. Here, the Eriksens have not exercised such diligence. They failed to properly effect service or otherwise comply with Federal Rule of Civil Procedure 4(m); they failed to request more time for service; they failed to ask for reconsideration of the first district court judgment; and they failed to appeal the first judgment by the district court, instead filing a new action. Thus, the Eriksens are not entitled to equitable tolling.

Finally, the district court did not abuse its discretion by dismissing the action without leave to amend because it was "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

The Eriksens' remaining contentions are unpersuasive.

**AFFIRMED.**