**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW GUY MORET, | No. 18-36073 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00096-MK |
| v. | |
| PAT GARRETT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Oregon state prisoner Andrew Guy Moret appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims arising from his detention at Washington County Jail.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004) (dismissal under the applicable statute of limitations); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (judgment on the pleadings).  We vacate and remand.

The district court properly dismissed Moret's conditions-of-confinement claim ("Claim III") because Moret failed to allege facts sufficient to show that he filed this claim within the applicable two-year statute of limitations.  *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (explaining that the statute of limitations for § 1983 actions is the state law statute of limitations for personal injury actions, and that the applicable Oregon statute of limitations is two years); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761-62 (9th Cir. 1991) (§ 1983 claim accrues when the plaintiff first learns of the injury giving rise to the claim).

However, dismissal without leave to amend was premature because it is not "absolutely clear" that the deficiencies in Claim III could not be cured by amendment.  Although Moret alleged a relevant time period of November 28, 2015 to December 18, 2015 regarding provision of meals and running water, he separately alleged that he was denied a mattress, blankets and clothing during an unspecified time period.  Accordingly, we vacate the judgment, and remand for the district court to provide Moret with an opportunity to amend his complaint.  *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the

18-36073

deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

The parties shall bear their own costs on appeal.

**VACATED AND REMANDED.**

18-36073